UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11669-GAO

TANGUY PHILIPPE,
Plaintiff,

v.

STEPHEN WALLACE, PHILIP YEE, BRIAN ENG, PAUL FRAZIER, and WILLIAM
SULLIVAN,
Defendants.

OPINION AND ORDER
June 1, 2010

O'TOOLE, D.J.

    In this action, the plaintiff, Tanguy Phillipe, alleges that Braintree police officers Stephen

Wallace, Philip Yee, and Brian Eng used excessive force while arresting him on August 5, 2007.

Phillipe claims that Wallace viciously grabbed him by his left arm, threw him on the floor,

jumped on him, and twisted his arm to handcuff him, leading to a shoulder injury that required

surgery. He further alleges that, while at the hospital for a head injury apparently unrelated to the

arrest, Eng yelled at him, choked him, and gagged him with a rag, breaking one of his teeth. He

asserts claims against Wallace, Yee, and Eng in their individual and official capacities, as well as

Braintree Police Chief, Paul Frazier, and Braintree mayor, William Sullivan,[1] in their official

capacities. Defendants Wallace, Yee, Eng, and Frazier move to dismiss the complaint on various

grounds. Phillipe has not opposed the motion.

---

[1] The defendants claim that Phillipe misnames the Braintree mayor. In any event, it appears that
Sullivan was not served and is not a party to this motion to dismiss.

**I.      Sufficiency of Process**

The defendants first argue that the complaint must be dismissed for insufficient service. Once a defendant challenges service, the plaintiff bears the burden of proving it was proper. Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992). A return of service "generally serves as prima facie evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008). Here, a return of service was filed for the four movants, certifying that the marshal served the records clerk at the address for the Braintree Police Department, and as such, operates as prima facie evidence that service was validly performed. See id.

A defendant, however, may adduce "rebuttal evidence to refute any presumption of valid service." See id. at 111-12. The defendants argue that service was insufficient because the police department is not a "dwelling or usual place of abode," nor was the records clerk an authorized agent capable of accepting service on their behalf. See Fed. R. Civ. P. 4(e); Mass. R. Civ. P. 4(d). Although the defendants are correct in arguing that the police station is not an "abode" for purposes of service, the mere conclusory averment that the clerk was not a valid agent, without any kind of affidavit or other evidence supporting it, is insufficient to rebut the plaintiff's presumption of proper service. It appears, then, that sufficient process was made.

**II.     Failure to State a Claim**

The defendants next argue that the claim against Yee should be dismissed as there are no substantive allegations against him. It is true that Philippe has not identified any specific actions taken by Yee related to the use of excessive force, but he does state that Yee was at least present at the arrest and participated in it. Under certain circumstances, a police officer who fails to prevent the use of excessive force by another officer in his presence may be held liable under §

1983. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 207 n.3 (1st Cir. 1990). Generally, a plaintiff must show that an officer had a "realistic opportunity" to intervene, but failed to do so. Id.; accord Martinez v. Colon, 54 F.3d 980, 985 (1st Cir. 1995). Here, Phillipe has described the alleged incident, which includes Wallace grabbing him, throwing him onto the floor, jumping on him, and twisting his arm. Although the duration of the attacks is unclear on the present record, it is plausible that Yee had sufficient time and a realistic opportunity to intervene, but did not. As such, Phillipe has sufficiently stated a claim under § 1983 against Yee.

The claim against Frazier, however, must fail. Phillipe alleges that Frazier, as supervisor of the other defendant-officers, failed to provide adequate training and supervision. In order to state a claim for supervisory liability under § 1983 when an individual was not involved personally in the alleged misconduct, a plaintiff must show "that the supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others." Bowen v. City of Manchester, 966 F.2d 13, 20 (1st Cir. 1992) (internal citation omitted). "[T]here must be an 'affirmative link' between the street-level misconduct and the action, or inaction, of [the] supervisory official[ ]." Id. In this case, Phillipe does not provide any details regarding training or supervision, nor make any allegations about Frazier that would tend to demonstrate an "affirmative link" between the alleged violation and Frazier's alleged failure to train or supervise. Consequently, Phillipe has failed to show that Frazier demonstrated the requisite reckless or callous indifference necessary to state a claim for supervisory liability.

Additionally, to the extent that Phillipe attempts to assert municipal liability under § 1983, that claim too must fail. He names Frazier and Sullivan in their official capacities, which "'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent.'" See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v.

Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 n.55 (1978)). First, he does not sufficiently state a claim under the Massachusetts Torts Claim Act ("MTCA"). Pursuant to the MTCA, a town can be liable for injury caused by the negligent act or omission of any public employee while acting within the scope of employment. Mass. Gen. Laws ch. 258 § 2. Phillipe, however, alleges intentional misconduct by the officers when they arrested him. There are no factual allegations that could support a finding that the officers failed to use due care in the discharge of a legal duty. Further, if Phillipe seeks to hold the city of Braintree liable for the alleged intentional torts of the officers, intentional torts are not actionable under the MTCA. Id. ch. 258, § 10(c).

Second, while a municipality can be liable under § 1983 for a failure to train, a plaintiff must show either that "(1) the [c]ity knew when it hired the officers that the risk of future constitutional violations due to the use of excessive force was 'so obvious' that its failure to train him would likely result in continued violations, or (2) the [c]ity subsequently learned of a serious incident, yet took no action to provide the necessary training." Chaabouni v. City of Boston, 133 F. Supp. 2d 93, 100 (D. Mass. 2001) (citing Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998)). Phillipe neglects to allege any facts relating to these elements, and instead relies on a single incident of alleged police misconduct. Because an isolated incident on its own does not permit an inference of a custom or policy of inadequate training, see Kibbe v. City of Springfield, 777 F.2d 801, 805 (1st Cir. 1985), Phillipe fails to state a claim of municipal liability under § 1983.

**III.**     **Conclusion**

For the foregoing reasons, Defendants Stephen Wallace, Philip Yee, Brian Eng, and Paul

Frazier's Motion to Dismiss (dkt. no. 12) is GRANTED in PART and DENIED in PART. The

claims against Frazier and the City of Braintree, to the extent that Phillipe seeks to state claims

against it, are dismissed. The case will proceed as to the claims against Wallace, Yee, and Eng.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge